UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-12-269-1 |
| | § | |
| ROCKY HERNANDEZ-LECHUGA | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO SET BOND AND ORDER OF DETENTION PENDING TRIAL

Defendant initially waived his detention hearing in open court (D.E. 8), but upon hiring new counsel requested a bond and detention hearing (D.E. 26). A detention hearing was held on June 8, 2012, in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f). The Government filed a written response to the motion on June 1, 2012 (D.E. 30). The following requires detention of the defendant pending trial in this case:

(1) There is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841(b)(1)(); and

(2) The defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The evidence against the defendant meets the probable cause standard. The defendant was in sole control of a vehicle which contained over 3,500 kilograms of marihuana in it. He is facing a ten-year minimum mandatory sentence.

The findings and conclusions contained in the Pretrial Services Report are

adopted. The defendant's wife is undocumented and therefore not a suitable third-party custodian. No properties or sureties were produced. No evidence was presented that the defendant has significant ties to the community. No suitable third-party custodian was presented. No suitable residence was presented. The presumption has not been rebutted.

Accordingly, the United States' motion for detention is granted, and the defendant's motion to set bond (D.E. 26) is denied.

The defendant is committed to the custody of the United States Marshal or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ORDERED this 8th day of June, 2012.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE